### HANKINS et v WIECHERS

Ohio Appeals, 2nd Dist, Greene Co

No 397. Decided Nov 29, 1933

George H. Smith, Xenia, and Louis Stout, for plaintiffs in error.

Miller & Finney, Xenia, and Dean E. Stanley, Lebanon, for defendant in error.

## OPINION

By KUNKLE, J.

In brief, it is admitted· that a lease was entered into for the period of one year for the farm in question between the owner Hankins and the deceased, Henry Wiechers, in February of 1932; that Wiechers died in July of 1932; that before Wiechers entered into possession of the premises he executed and delivered to Hankins a chattel mortgage upon certain personal property as provided in the lease and that said personal property has been sold and the proceeds arising from the sale thereof paid upon the notes held by Hankins.

It is further admitted that no mortgage was executed by Wiechers to the said Hankins upon the corn which was planted after the execution of the lease, and which, as a matter of common knowledge, must have been so planted for several months prior to the death of Wiechers.

It is admitted that the administrator entered upon the premises upon his appointment as such administrator and cared for and harvested this crop of corn and sold the same at public sale with the other assets of said Wiechers, and that the fund in question was realized from the sale of the said corn.

In addition to the briefs of counsel there has been filed with us the written opinion of the Probate Judge and also the written opinion of the judge of the Court of Common Pleas in passing upon this case. These opinions discuss the pertinent authorities and also the facts in considerable detail.

We have examined the same and in view of the fact that the authorities are discussed in such written opinions, we will not attempt to review the authorities in detail,

but will content ourselves with announcing the conclusion at which we have arrived after a consideration of such authorities.

It is conceded that this lease was never recorded. To have the same operate as a chattel mortgage would require a compliance with the law regulating chattel mortgages. This has not been done. Has the lessor, under the admitted facts, a preferred claim against the fund in question?

It will not be necessary to discuss the question as to whether the lessor could have demanded and obtained from Henry Wiechers a chattel mortgage under the provisions of the lease. It is sufficient to say that he did not do so.

The estate in question is doubtless insolvent. This is not expressly shown, but it is averred in the application of the administrator that all of the assets of the deceased were sold at the public sale so held by him, and the inference is that there is not sufficient funds in the hands of the administrator to pay the balance due on the note of Hankins.

We think the burden would be upon Hankins to establish a preference. The record does not show the amount, if any, due other creditors, nor does it show whether such creditors, if any, were creditors subsequent to or prior to the execution of the lease in question.

We think the reasoning of our Supreme Court, as found in the case of **Kilbourne et v Fay, Executor, reported in 29 Oh St 264,** is applicable to the case at bar. The first paragraph of the syllabus of this case is as follows:

(1) Where a chattel mortgage is declared void by the statute 'as against the creditors of the mortgagor' and the mortgagor dies in possession of the mortgaged property, leaving an insolvent estate, such property becomes assets in the hands of the executor or administrator of the mortgagor, whose duty, as well as right, it is to defend his possession against the claim of the mortgagee, notwithstanding such lease was valid as against the mortgagor.

The method for securing a lien by means of a chattel mortgage is defined in §8560 et seq, GC, and it is admitted that such provisions were not complied with.

The duties of an administrator in reference to growing crops are defined by §§10642 and 10643 GC.

The duty of the administrator in reference to the distribution of funds coming into his hands is also clearly defined by statute.

From the reasoning found in the opinion of Judge McIlvaine, reported in the 29th Oh St, supra, and the other authorities cited, we are of opinion that the said Hankins does not have a preferred claim upon the fund in question, but that he is merely a general creditor in this estate.

The claim in question will therefore be allowed as a general and not as a preferred claim.

Finding no error in the record which we consider prejudicial to plaintiffs in error, the judgment of the lower court will be affirmed.

HORNBECK, PJ, and BARNES, J, concur.